The Honorable Scott Schwab State Representative, 49th District P.O. Box 2672 Olathe, Kansas 66063
Dear Representative Schwab:
You inquire whether the Driver's Privacy Protection Act of 1994, 18 U.S.C. 2721 (DPPA) is considered "other law" pursuant to K.S.A. 74-2012(b) for purposes of disclosure of photographs and digital images to insurers, insurance support organizations and self-insured entities.
K.S.A. 74-2012 addresses the circumstances under which motor vehicle records may be disclosed. Section (b) provides, in pertinent part: *Page 2 
 All motor vehicle records which . . . are photographs or digital images maintained in connection with the issuance of drivers' licenses shall be confidential and shall not be disclosed except in accordance with a proper judicial order or as otherwise more specifically provided in this section or by other law.[1]
Prior to enactment of the DPPA, most states granted almost total public access to personal information in motor vehicle records. In 1994, Congress enacted the DPPA in response to mounting public safety concerns over the easy access to state motor vehicle records by stalkers and other criminals. The DPPA protects individual privacy rights while also authorizing access for legitimate purposes.[2]
In 2002, the Division of Vehicles recommended that, among other things, K.S.A. 74-7012 be amended to allow disclosure as provided by "other law." When questioned concerning under what conditions access to motor vehicle records would be allowed, Division employees referred to the uses authorized by the DPPA.[3] Included in Division testimony was the Division's record disclosure form which requires a requestor to acknowledge that the requestor is eligible for access based upon one of the legitimate uses identified in the DPPA.[4] Clearly, "other law" includes the DPPA.
Disclosure of Photographs and Digital Images
The DPPA provides that state departments of motor vehicles can disclose "personal information" and "highly restricted personal information" only if certain requirements are met.[5] Both "personal information" and "highly restricted personal information" include a person's photograph or digital image."[6] Photographs and digital images may be disclosed by a state department of motor vehicles for the purposes identified in the DPPA, including the following:
 For use by any insurer or insurance support organization, or by a self-insured entity, or its agents, employees, or *Page 3 
contractors, in connection with claims investigation activities, antifraud activities, rating or underwriting.[7]
Such disclosure is discretionary with the Division of Motor Vehicles based on the Division's judgment that the requestor is in fact an authorized entity and that the information, including image information, will be used for an authorized purpose.
Sincerely,
 Steve Six Attorney General
 Mary Feighny Deputy Attorney General
SS:MF:jm
[1] Emphasis added.
[2] Hartman v. Department of Conservation and NaturalResources, 892 A.2d 897 (Pa. 2006). A footnote to this citation adds: The watershed event behind the enactment of the DPPA was the 1989 murder of actress Rebecca Schaeffer, who starred in the television series "My Sister Sam." Schaeffer was shot and killed outside her apartment by a stalker who obtained her unlisted address from the California Department of Motor Vehicles. The easy access of personal information by stalkers, domestic abusers, and other criminals was also a major impetus for the enactment of similar state laws.
[3] Minutes, Senate Transportation Committee, January 29, 2002, Attachment 1; February 5, 2002, Attachment 3. 18 U.S.C. § 2721(b).
[4] Minutes, Senate Transportation Committee, February 5, 2002, Attachment 3.
[5] 18 U.S.C. § 2721(a).
[6] 18 U.S.C. § 2725(3)(4).
[7] 18 U.S.C. § 2721(b)(6). *Page 1